## J. E. Lockerby, Appellee, v. O'Gara Coal Company, Appellant.

1. ASSIGNMENTS—*when wages do not pass.* Held, that the evidence in this case did not show a valid assignment of a minor's wages who had been employed in a coal mine.

2. PARENT AND CHILD—*what does not show manumission.* Held, that the evidence in this case did not show the manumission of the minor so as to authorize full control by him of wages earned.

Action commenced before justice of the peace. Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, pre-

siding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

M. S. WHITLEY, for appellant.

CHOISSER, CHOISSER & KANE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit instituted before a justice of the peace by appellee, to recover wages due for labor performed by a son of his in appellant's coal mine. On appeal to the Circuit Court there was a jury trial and after the evidence was closed, the court, on appellee's motion, instructed the jury to return a verdict for $10.06 the amount of the claim, which was done and judgment entered against appellant for that amount.

The proof showed that in October, 1906, Ado Lockerby, the sixteen year son of appellee, was in the employ of appellant and had been working in its mine between three and four months. He at that time and prior thereto lived with his father who boarded and clothed him. He was paid by appellant every two weeks and had received and signed for his wages and spent the amounts received, as he saw fit. It was the custom at appellant's mine to make out and deliver to each coal miner, a few days before pay day, a statement of the amount and kind of coal mined by him, what was due therefor, what was charged against him and the balance due the miner if anything. On pay day this statement was presented, signed by the miner and paid by the company. On October 27, 1906, which was pay day, there was due for Ado Lockerby's work, after deducting charges against him, a balance of $10.06 and he had previously received a statement showing the condition of his account. Early on that day Ado delivered his statement to a man named Henderson, who paid him $9.50 for it. With this money the boy took the train and went to Alton. About noon of the

same day appellee discovered what his son had done and notified appellant's pay master not to pay his son's wages to any one else. A day or so later, however, the amount was paid by appellant to Henderson.

Upon the trial Henderson testified, "I bought this boy's statement, and he signed it over and I gave him $9.50." The original statement was not in evidence but a copy was offered which bore upon its face the words "not transferable" and bore no endorsement or signature whatever of Ado Lockerby. The court below very properly sustained appellee's objection to the statement and refused to admit it in evidence.

Appellant complains that technical proof was not made of the marriage between the boy's father and mother. The evidence however was amply sufficient to establish as a *prima facie* fact that Ado Lockerby was a legitimate son of appellee, in a case like this where no attempt was made to controvert that showing in the proofs.

The most important question raised by appellant is whether or not there were facts tending to show the manumission of Ado by his father, which should have been submitted to the jury.

The proofs showed without contradiction that the son was a minor living with and supported by his father; that there was no legal assignment of his wages; that appellant was duly notified that the father claimed control of his wages in question; that the father had done nothing to estop himself from revoking the license to the son to receive his own wages, if indeed there was any such license, and from claiming the wages himself; and that before the money was paid by appellant to Henderson, the company had been notified by the father not to pay the money to any one else and that the "pay boss" had said all right.

We are therefore of opinion the court below properly instructed the jury to return a verdict in favor of appellee and the judgment rendered thereon will be affirmed.

*Affirmed.*